UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES J. CARTER,

    Plaintiff,

v.

RANDY HAAS,

    Defendant.

Case No. 2:16-12781
Honorable Laurie J. Michelson

**OPINION AND ORDER REGARDING RULE 4 SCREENING OF PETITION FOR HABEAS CORPUS AND CONDITIONALLY PERMITTING MOTION TO AMEND**

In March 2014, Charles Carter was sentenced to 20 to 40 years in prison for second-degree murder and to two years for possessing a firearm during a felony. (*See* R. 1, PID 2.)

Carter now seeks habeas corpus relief from this Court. (*See generally* R. 1.) He claims that despite the Michigan Court of Appeals' order to do so back in April 2015, the trial court has not set out the factual basis for imposing court costs. (R. 1, PID 4.) Meanwhile, says Carter, the state has been taking money from his prison account for court costs. (*Id.*) Carter says that this taking violates due process and the Eighth Amendment. (*Id.*)

Whatever merit these claims have, a petition for habeas corpus is not the avenue to pursue them. "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). This language means not only that a person must be in custody when he seeks relief under § 2254, but also that if relief were granted, it would result in earlier release from custody. *See Bailey v. Hill*, 599 F.3d 976, 980 (9th Cir. 2010) ("Section 2254(a)'s

language permitting a habeas petition to be entertained 'only on the ground that [the petitioner] is in custody *in violation of the Constitution or laws or treaties of the United States*,' (emphasis added), explicitly requires a nexus between the petitioner's claim and the unlawful nature of the custody."); *Washington v. Smith*, 564 F.3d 1350, 1350 (7th Cir. 2009) ("It is the custody itself that must violate the Constitution. Accordingly, prisoners who are not seeking earlier or immediate release are not seeking habeas corpus relief."). Thus, relief from "'a fine or restitution order[] is not made readily available to a defendant just because he happens at that time to also be subject to custodial penalties.'" *Washington v. McQuiggin*, 529 F. App'x 766, 773 (6th Cir. 2013) (quoting Brian R. Means, Federal Habeas Manual § 1:21 (2012 ed.)); *see also Smith*, 564 F.3d at 1351.

Here, even if Carter is correct that the state should not be taking money from his prison account to cover court costs, it would not affect the time he must spend in prison. So the Court lacks subject-matter jurisdiction over Carter's due process and Eighth Amendment claims. *See* 28 U.S.C. § 2254(a).

This conclusion would warrant dismissal of Carter's petition save for Carter's request to hold his petition in abeyance while he files a post-conviction motion in state court (which he had planned to file by July 25, 2016). (R. 1, PID 2.) Carter implies that if his state-court motion is successful, he will be permitted to withdraw his plea. (*Id.*)

At this time, Carter has not made an adequate showing for this Court to hold his petition in abeyance. It is true that the Supreme Court has suggested that a prisoner might be able to file a "protective" § 2554 petition where the Antiterrorism and Death Penalty Act's one-year statute of limitations might bar the petition's unexhausted claims if the prisoner took the time to exhaust them before filing the § 2254 petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005);

*Mena v. Long*, 813 F.3d 907, 910 (9th Cir. 2016) (relying on *Pace* and joining Third, Seventh, and Tenth Circuit Court of Appeals in holding that stay-and-abeyance procedure for mixed petitions also applies to entirely unexhausted petitions). But a court tasked with deciding whether to hold a petition in abeyance must be able to assess whether there was good cause for failing to have exhausted the petition's unexhausted claims and whether the unexhausted claims potentially have merit. *See Pace*, 544 U.S. at 416; *Rhines v. Weber*, 544 U.S. 269, 277 (2005). This, however, the Court cannot do: Carter has neither informed the Court why he filed his habeas corpus petition prior to filing his post-conviction motion nor pled the legal and factual basis for his unexhausted habeas claim that he now intends to bring in state court.

Moreover, on preliminary review, it appears that Carter had only 56 days after the Michigan Court of Appeals' April 8, 2015 remand to the trial court on the court-costs issue to seek leave to appeal from the Michigan Supreme Court, *see* Mich. Ct. R. 7.305(C)(2), that Carter did not do so, and thus, AEDPA's one-year clock started on June 4, 2015. In other words, it may be that any habeas claim that Carter might now bring would be barred by AEDPA's statute of limitations.

Given the foregoing, the Court will dismiss Carter's petition in its entirety on September 9, 2016 unless Carter files a motion to amend the petition to add the claim that he intends to exhaust (or is now exhausting) via his state post-conviction motion on or before that date. And even if Carter files such a motion, the Court will still dismiss the petition unless the motion convinces the Court of each the following: (1) that there is "good cause" for not exhausting the claim prior to filing this case, *Rhines*, 544 U.S. at 278, (2) that the unexhausted claim is "potentially meritorious," *id.*, (3) that there have been "no intentional dilatory litigation tactics," *id.*, (4) that amendment of the petition is appropriate because it is not prejudicial to Respondent

and the new claim states a plausible claim to relief, *see* 28 U.S.C. § 2242; *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); Advisory Committee Note on Habeas Corpus Rule 4, and (5) that the claim is not already barred by AEDPA's statute of limitations. The motion must also attach as an exhibit a proposed amended habeas corpus petition. If—after careful assessment of his claim—Carter does not believe he can meet all of these conditions, he should not file a motion to amend and the case will be dismissed.

SO ORDERED.

> s/Laurie J. Michelson
> LAURIE J. MICHELSON
> UNITED STATES DISTRICT JUDGE

Dated:  August 11, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 11, 2016.

> s/Jane Johnson
> Case Manager to
> Honorable Laurie J. Michelson