UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES J. CARTER,

    Plaintiff,

v.

RANDY HAAS,

    Defendant.

Case No. 2:16-12781
Honorable Laurie J. Michelson

**OPINION AND ORDER
DISMISSING PETITION FOR HABEAS CORPUS WITHOUT PREJUDICE**

In March 2014, Charles Carter was sentenced to 20 to 40 years in prison for second-degree murder and to two years for possessing a firearm during a felony. (*See* R. 1, PID 2.) Carter now seeks habeas corpus relief from this Court. (*See generally* R. 1.)

In a prior order, issued pursuant to this Court's duty to screen habeas corpus petitions, this Court found that it "lack[ed] subject-matter jurisdiction over Carter's due process and Eighth Amendment claims," which were Carter's only claims. *See Carter v. Haas*, No. 2:16-12781, 2016 WL 4234898, at *1 (E.D. Mich. Aug. 11, 2016). The Court would thus have dismissed Carter's petition but for his "request to hold his petition in abeyance while he files a post-conviction motion in state court." *Id.*

But there was a problem with Carter's request: "Carter ha[d] neither informed the Court why he filed his habeas corpus petition prior to filing his post-conviction motion nor pled the legal and factual basis for his unexhausted habeas claim that he now intends to bring in state court." *Carter*, 2016 WL 4234898, at *1. The Court thus informed Carter that it would "dismiss [his] petition in its entirety on September 9, 2016 unless [he] file[d] a motion to amend the

petition to add the claim that he intends to exhaust (or is now exhausting) via his state post-conviction motion on or before that date." *Id.* at *2. (The Court further provided that even if Carter filed such a motion, it would still dismiss his petition unless he addressed a number of other issues. *Id.*)

September 9, 2016 has come and gone. Carter has not filed a motion to amend his petition. Accordingly, pursuant to this Court's prior order, Carter's petition is DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

As the Court does not believe that reasonable jurists could debate the Court's dismissal of Carter's petition, or that Carter should be encouraged to pursue his claims further, the Court will DENY Carter a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). And, as an appeal of this Court's decision could not be taken in good faith, the Court will also DENY Carter leave to appeal without payment of the appellate filing fee. *See* 28 U.S.C. § 1915(a)(3).

A separate judgment will issue.

**SO ORDERED.**

Dated: September 30, 2016

s/Laurie J. Michelson
LAURIE J. MICHELSON
U.S. DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 30, 2016.

s/Keisha Jackson
Case Manager

2